# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC ABDI HASHI, [A70-379-572],<br><br>                     Petitioner,<br>  vs.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, ALBERTO GONZALES, ATTORNEY GENERAL, ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>                     Respondent. | CASE NO. 07cv1789 (WQH) JMA<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL** |

HAYES, Judge:

      Pending before the Court is Petitioner Issac Abdi Hashi's motion for appointment of counsel, pursuant to 18 U.S.C. § 3006A (Doc. # 4), to assist him in his efforts to seek relief from his detention through his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. #1). Petitioner alleges that his continued and indefinite detention pursuant to 8 U.S.C. § 1231 is unlawful because Petitioner has been detained beyond the presumptively reasonable period of six months and there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**DISCUSSION**

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12 (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**A. Likelihood of Success on the Merits**

Petitioner has been subject to a final order of removal since February 8, 2007, and has been detained since February 2, 2007. Petitioner has been detained beyond the six month presumptively reasonable time period articulated in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

With respect to Petitioner's removal, the United States government has not yet received travel documents that would permit Petitioner's repatriation to Somalia. Federal immigration officials admitted they "cannot now remove" Petitioner to Somalia "as there is no stable government in Somalia to issue a document." *Habeas Petition,* Appendix A. Petitioner contends that there is no indication that his status will change in the reasonably foreseeable future. *See Ma v. Ashcroft*, 257 F.3d 1095, 1005 (9th Cir. 2001) (when there is no reasonable likelihood that a foreign government will accept a removable alien's return in the reasonably foreseeable future, the removable alien may not be held by the United States for more than a reasonable period beyond the removal period). Under the facts as alleged in the Petition for Writ of Habeas Corpus, the Court concludes that Petitioner has demonstrated a likelihood of success on the merits.

**B. Complexity of Legal Issues**

After reviewing Petitioner's motion for appointment of counsel in light of his Petition for Writ of Habeas Corpus, the Court concludes that this case involves complex legal issues, and appointment of counsel is appropriate.

**CONCLUSION**

Plaintiff's motion for appointment of counsel (Doc. # 4) is **GRANTED.**

**IT IS SO ORDERED**.

DATED:  September 27, 2007

**WILLIAM Q. HAYES**
United States District Judge