

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC ABDI HASHI,<br><br>　　　　　　　　Petitioner,<br>vs.<br>MICHAEL CHERTOFF, et al,<br><br>　　　　　　　　Respondents. | CASE NO. 07cv1789 WQH (JMA)<br><br>**ORDER** |

BENITEZ, Judge:

　　Pending before the Court is Petitioner's *Ex Parte* Application for Temporary Restraining Order. (Doc. #9).

### Background

　　On September 11, 2007, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Doc. #1). Petitioner alleges in his Petition for Writ of Habeas Corpus that his continued and indefinite detention pursuant to 8 U.S.C. § 1231 is unlawful because Petitioner has been detained beyond the presumptively reasonable period of six months after his removal order became final, and there is no significant likelihood that he will actually be removed to Somalia in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

　　On September 27, 2007, the Court appointed counsel to assist Petitioner in his efforts to seek relief from his detention through his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. #8).

　　On October 2, 2007, Petitioner filed an *Ex Parte* Application for Temporary Restraining

Order. (Doc. #9). On October 3, 2007, the Court ordered Respondents to show cause why the Temporary Restraining Order should not be granted. (Doc. #10). On October 3, 2007, Respondents filed a Response in Opposition to the *Ex Parte* Application for Temporary Restraining Order. (Doc. #11). On October 4, 2007, Petitioner filed a Reply Brief in Support of the *Ex Parte* Application for Temporary Restraining Order. (Doc. #14).

### Temporary Restraining Order

"To obtain injunctive relief, the movant must demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised as to the merits and that the balance of hardships tips in its favor." *Dep't of Parks and Recreation for State of Cal. v. Bazaar del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Arcamuzi v. Continental Airlines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).

In Petitioner's Application for Temporary Restraining Order, he claims he has been informed by the government that he will be imminently transferred out of the Otay Mesa Detention Facility ("CCA"), where he is currently in custody, to Columbia Care, a mental health facility in South Carolina. Petitioner contends that he is likely to prevail on the merits of his habeas petition because he has been detained beyond the six month presumptively reasonable time period after his removal order became final, and there is no significant likelihood that he will be repatriated to Somalia in the reasonably foreseeable future. Petitioner contends that federal immigration officials admit they "cannot now remove" him to Somalia "as there is no stable government in Somalia to issue a document." Petitioner also contends that the balance of hardships tips in his favor because transferring him out of the Southern District of California to Columbia Care is not necessary to reduce the risk of his suicide, would interfere with his relationship with his counsel, and would deprive him of his right to meaningfully participate in his habeas proceeding. For these reasons, Petitioner requests that the Court enjoin Respondents from transferring Petitioner out of the Southern District of California during the pendency of his habeas proceeding.

Respondents contend that Petitioner is not likely to prevail on the merits of his habeas petition. Respondents contend that although U.S. Immigration and Customs Enforcement ("ICE") has had difficulty repatriating Somalis, it can be done and has been done, and efforts are being made in this case to arrange Petitioner's repatriation to Somalia. Respondents contend that because Petitioner's repatriation is reasonably foreseeable, the six-month presumption articulated in *Zadvydas* does not apply. Respondents also contend that the balance of hardships tips in the government's favor because, according to Public Health Service and the mental health treatment team at CCA, transferring Petitioner to Columbia Care is in the best interest of Petitioner to reduce the risk of his suicide. Respondents contend that grave harm may be caused to Petitioner if he is not transferred to Columbia Care and that Petitioner has not explained how his transfer to Columbia care will compromise his ability to prosecute his habeas petition.

Petitioner has been detained beyond the six month presumptively reasonable time period articulated in *Zadvydas* because he has been subject to a final order of removal since February 8, 2007, and has been detained since February 2, 2007. Respondents contend that the government is making diligent efforts to repatriate Petitioner to Somalia and that, although difficult, the government has secured repatriation in the past. The record, however, only shows that Petitioner's case is pending review at ICE headquarters, that the government has already unsuccessfully attempted to obtain a travel document for Petitioner's removal to Somalia, and that the government has had difficulty repatriating Somalis. Having reviewed the record, the Court finds there is not a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Based on the slim record, which has been developed largely in response to this expedited proceeding, the Court finds that, for purposes of his Application for Temporary Restraining Order, Petitioner has demonstrated sufficient likelihood of success on the merits of his habeas petition to warrant maintaining the status quo.

The government proffers evidence to show Petitioner presents a suicide risk. Notably, the last alleged incident occurred on August 28, 2007, more than five weeks ago, and Petitioner has been placed under suicide watch. Respondents do not allege there have been any further problems since this date. Respondents make only bare allegations that being detained in a prison-like setting

necessary to prevent his suicide. Having reviewed the record, the Court finds that Respondents have not shown that the immediate transfer of Petitioner to Columbia Care is necessary to prevent his suicide. The Court also finds that transferring Petitioner across the country may hamper his relationship with his attorney. The Court finds that the balance of the hardships tips in Petitioner's favor.

### Conclusion

Having reviewed Petitioner's Application for Temporary Restraining Order and the entire record in this case, the Court deems an expedited hearing and oral argument to be in the best interests of justice.

IT IS HEREBY ORDERED that the *Ex Parte* Application for Temporary Restraining Order is **GRANTED.**

IT IS FURTHER ORDERED that both parties appear for a hearing before Judge William Q. Hayes in Courtroom 4 of the U.S. District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101, on **Wednesday, October 10, 2007, at 9:30 a.m.,** to show cause why Respondents should not be enjoined during the pendency of Petitioner's habeas proceeding from transferring him out of the Southern District of California.

DATE: 10/05/07

ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE