# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC ABDI HASHI,<br><br>                              Petitioner,<br>vs.<br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, ALBERTO GONZALES, Attorney General, ROBIN F. BAKER, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement, JOHN A. GARZON, Officer-in-Charge,<br><br>                              Respondents. | CASE NO. 07cv1789 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, filed by Petitioner Issac Abdi Hashi. (Doc. # 9).

## **Background**

   Petitioner is a native and citizen of Somalia. *Habeas Petition,* p. 2. In 1993, Petitioner entered the United States as a refugee and later adjusted to lawful permanent resident status. *Id.* at 2-3. On February 23, 2004, Petitioner was convicted of carjacking and sentenced to three years in prison. *Id.* at Exhibit 3. Upon Petitioner's release from prison, U.S. Immigration and Customs Enforcement ("ICE") placed him in removal proceedings in Florence, Arizona where an Immigration Judge ordered him removed to Somalia. On February 8, 2007, his order of removal

became final. *Id.* On July 7, 2007, Petitioner was transferred from the ICE detention facility Florence, Arizona to Otay Mesa Detention Facility ("CCA").

On September 11, 2007, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Doc. #1). Petitioner alleges in his Petition for Writ of Habeas Corpus that his continued and indefinite detention pursuant to 8 U.S.C. § 1231 is unlawful because Petitioner has been detained beyond the presumptively reasonable period of six months after his removal order became final, and there is no significant likelihood that he will actually be removed to Somalia in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

On September 27, 2007, the Court appointed counsel to assist Petitioner in his efforts to seek relief from his detention through his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. #8).

On October 2, 2007, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order ("Application for TRO"). (Doc. #9). Petitioner contends that Respondents intend to imminently transfer him from CCA, where he is currently detained, to Columbia Care, a psychiatric facility in South Carolina. Petitioner seeks to enjoin Respondents from transferring him out of the Southern District of California during the pendency of his habeas proceedings.

On October 5, 2007, the Court granted Petitioner's Application for TRO and scheduled a hearing for October 10, 2007 to show cause why Respondents should not be enjoined during the pendency of Petitioner's habeas proceedings from transferring him out of the Southern District of California. (Doc. # 15). At the October 10, 2007 hearing, Respondents introduced testimony by the Director of Mental Health for the Western Region for the Division of Immigration and Health Services, Dr. Scott Salvatore.

Dr. Salvatore testified to the following facts to support his conclusion that there is a high risk that Petitioner will commit suicide at CCA: Petitioner is diagnosed with post-traumatic stress disorder and anti-social behavior disorder, which both increase the likelihood of his committing suicide; research indicates a jail-like setting exacerbates suicidal tendencies; Petitioner has attempted to commit suicide at CCA by preparing a noose with his clothing and by swallowing large plastic objects; CCA has provided behavioral incentives and cognitive behavioral therapy

1  which have had little to no effect on reducing Petitioner's suicide risk; the likelihood that treatment
2  at CCA will reduce Petitioner's suicide risk is poor because CCA is only set up to handle acute
3  situations, a shortage of staff at CCA precludes the possibility of intensive long-term care, and CCA
4  is a detention facility, not a psychiatric facility.

5  Dr. Salvatore testified to the following facts to support his conclusion that treatment at
6  Columbia Care is necessary to reduce Petitioner's risk of suicide, and there is not a closer facility
7  that can be utilized on a long-term care basis: Columbia Care is a psychiatric facility that provides
8  individual, group and spiritual therapy throughout the day; Columbia Care provides targeted
9  therapy, such as anger-management groups, which may benefit a person with an antisocial
10 personality; Columbia Care provides patients ready access to their attorneys through access to the
11 phone; it is necessary to transfer Petitioner to Columbia Care because Petitioner is at a continued
12 high risk for suicide in a jail setting, and Petitioner will receive intensive treatment, better
13 psychiatric monitoring and a have better potential outcome at Columbia Care; there is not a facility
14 closer than Columbia Care that Petitioner could be transferred to because CCA does not have any
15 contract for long-term care with Alvarado Parkway Institute, a local psychiatric hospital where
16 Petitioner was treated after his suicide attempts, or any other San Diego placements; a psychiatric
17 impatient hospital may cost $700 to $1,000 a day; Columbia Care, with a very intensive program,
18 charges $300 a day.

## Standard of Review

20  "The standard for granting a preliminary injunction balances the plaintiff's likelihood of
21 success against the relative hardship to the parties." *Clear Channel Outdoor, Inc. v. City of Los*
22 *Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). The Ninth Circuit has described two sets of criteria for
23 preliminary injunctive relief. *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir.
24 2005). "Under the 'traditional' criteria, a plaintiff must show '(1) a strong likelihood of success on
25 the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3)
26 a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain
27 cases)." *Johnson v. Cal State Bd. of Accountancy,* 72 F.3d 1427, 1430 (9th Cir. 1995).
28 Alternatively, "a court may grant the injunction if the plaintiff 'demonstrates *either* a combination

of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Id.* "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum." *Baby Tam & Co. v. City of Las Vegas*, 154 F.3d 1097, 1100 (9th Cir. 1998).

## Discussion

Petitioner contends that he has an established attorney-client relationship with Jennifer Coon at the Federal Defenders of San Diego, Inc., and that transferring him out of the Southern District of California during the pendency of his habeas proceedings would interfere with this attorney-client relationship. Petitioner also contends that transferring him to Columbia Care would interfere with his right to meaningfully participate in his habeas proceedings because he would be "hard-pressed" to collect evidence and review documents that he would be able to access if he remained in the Southern District of California. *Mot. for TRO,* p. 8. Petitioner contends that transferring him to Columbia Care is not necessary because he can receive any necessary psychiatric treatment at CCA or at Alvarado. Petitioner contends that the balance of hardships tips sharply in his favor.[1]

Respondents contend that Petitioner presents an elevated risk of suicide by staying at CCA, and that transfer to Columbia Care will reduce this risk. Respondents contend that the decision to transfer Petitioner to Columbia Care is based solely on medical considerations. Respondents contend that Petitioner may suffer serious harm if he is not transferred to Columbia Care, that Respondents may be exposed to liability for Petitioner's potential suicide, and that Petitioner has failed to demonstrate how transferring him to Columbia Care would hamper the progress of his pending habeas case. Respondents contend that Petitioner has failed to demonstrate that the balance of hardships tips sharply in Petitioner's favor.

On September 5, 2007, Jennifer Coon filed a notice of entry of appearance as Petitioner's attorney. *Application for TRO,* Exhibit C. On October 2, 2007, the Court appointed Petitioner

---

[1] Petitioner does not argue or introduce any evidence to demonstrate that transferring him to Columbia Care would adversely affect the outcome of his habeas petition or otherwise give rise to the possibility of irreparable harm.

counsel. (Doc. # 8). Petitioner fails to introduce evidence to support his claim that his transfer to Columbia Care would interfere with his relationship with Jennifer Coon. Petitioner also fails to rebut Dr. Salvatore's testimony that patients at Columbia Care have ready access to their attorneys through access to the phone.[2]

Petitioner does not specify any documents and evidence necessary for his review at this stage of his habeas proceedings. Petitioner fails to introduce evidence to support his claim that his transfer to Columbia Care would interfere with his right to meaningfully participate in his habeas proceedings because he would be unable to collect evidence and review documents that he would be able to access if he remained in the Southern District of California.

Dr. Salvatore testified that Petitioner presents a heightened risk of suicide, that research indicates suicidal tendencies are exacerbated in a prison-like setting, that Petitioner has actually attempted suicide while in custody at CCA, that CCA is only equipped to handle short-term, acute situations, that Petitioner presents an elevated risk of suicide at CCA, that Columbia Care is equipped to provide daily therapeutic care that will reduce the risk of Petitioner's suicide and that there is not a closer facility with appropriate care that Petitioner could be transferred to. Petitioner presented no evidence to refute Dr. Salvatore's testimony. There is no evidence in the record demonstrating that Respondents were motivated by bad faith or any consideration other than medical considerations in reaching the decision to transfer Petitioner to Columbia Care.

After reviewing the entire record, the Court concludes that Petitioner has failed to demonstrate that the decision to transfer him to Columbia Care was not based solely on medical considerations, and that his transfer to Columbia Care would interfere with his relationship with his attorney or his right to meaningfully participate in his habeas proceedings. Petitioner is not entitled to a preliminary injunction under either test applied in the Ninth Circuit because Petitioner has

---

[2] The cases Petitioner cites in support of his contention that interference with his attorney-client relationship is grounds for enjoining his transfer out of the Southern District of California are not on point. *See* 8 U.S.C. § 1362; *Committee of Central American Refugees v. INS,* 795 F.2d 1434, 1439 (9th Cir. 1986), *amended by* 807 F.2d 769 (9th Cir. 1986); *Garcia-Guzman v. Reno,* 65 F. Supp. 2d 1077, 1090 & n.13 (N.D. Cal. 1999); *Louis v. Meissner,* 530 F. Supp. 924, 926 (D.C. Fla. 1981). These cases involve section 292 of the Immigration and Nationality Act, which provides that individuals subjected to exclusion proceedings have the right to counsel not at the government expense. This case involves counsel appointed at the government expense in the context of habeas proceedings, and therefore does not implicate the right to counsel as provided for in section 292.

failed to meet his burden of demonstrating that the balance of hardships tips sharply in his favor or a possibility that he will suffer irreparable injury if injunctive relief is denied.

### Conclusion

IT IS HEREBY ORDERED that the Temporary Restraining Order (Doc. #15) is vacated, and the Preliminary Injunction is **DENIED.**

DATED: October 16, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge