1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

ISAAC ABDI HASHI,

CASE NO. 07cv1789 WQH (JMA)

12

Petitioner,

**ORDER**

vs.

13

MICHAEL CHERTOFF, SECRETARY OF
THE DEPARTMENT OF HOMELAND

14

SECURITY, ALBERTO GONZALES,
ATTORNEY GENERAL, ROBIN F.

15

BAKER, DIRECTOR OF SAN DIEGO
FIELD OFFICE, U.S. IMMIGRATION AND

16

CUSTOMS ENFORCEMENT, JOHN A.
GARZON, OFFICER-IN-CHARGE,

17
18

Respondents.

HAYES, Judge:

19
20

    The matter before the Court is the Petition for Writ of Habeas Corpus (Doc. # 1) filed by

Petitioner Isaac Abdi Hashi.

21

# Background

22

    Petitioner is a native and citizen of Somalia.  *Petition,* p. 2.  In 1993, Petitioner entered the

23

United States as a refugee and later adjusted to lawful permanent resident status.  *Id.* at 2-3.  On

24

February 23, 2004, Petitioner was convicted of carjacking and sentenced to three years in prison.

25

*Id.* at Exhibit 3.  Upon release from prison, U.S. Immigration and Customs Enforcement ("ICE")

26

placed Petitioner in removal proceedings in Florence, Arizona where an Immigration Judge

27

ordered him removed to Somalia.  On February 8, 2007, the order of removal became final.  *Id.*

28

On September 11, 2007, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241.  (Doc. #1).  Petitioner alleges in the Petition that his detention is unlawful because he has been detained beyond the presumptively reasonable period of six months after his removal order became final, and there is no significant likelihood that he will actually be removed to Somalia in the reasonably foreseeable future.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  Petitioner moves the Court to issue a writ of habeas corpus directing Respondents to release him from custody.

On October 12, 2007, Respondents filed a Return in Opposition to Petition for Writ of Habeas Corpus ("Return").  (Doc. # 17).  Respondents oppose the Petition on grounds that Petitioner will be removed to Somalia in the reasonably foreseeable future.  *Return,* p. 3.  In support of this assertion, Respondents submit the Declaration of Deportation Officer Tomas Curi, who attests that "ICE is presently arranging the details of Mr. Hashi's removal for the purpose of effecting his removal within thirty days."  *Id.* at Exhibit 1.  Respondents contend that the "extended time required for planning Hashi's removal has been due to the delay in discovering his extraordinary danger to the community, the need to obtain spending authority for a removal operation that will cost well into six figures, the need to contract for charter flight services, and the need to plan an itinerary which involves, among other things, the need to obtain clearances from the governments of transit countries."  *Id.* at 3.

On November 19, 2007, Petitioner filed a Traverse.  (Doc. # 21).  Petitioner contends that Respondents' assertion that his removal to Somalia is likely in the reasonably foreseeable future is

> contrary to the history of [Respondent's] dealings with Mr. Hashi in this case, contrary to the warzone conditions in Somalia making safe deportation impossible, contrary to [Respondents'] failed attempts to deport the most well-known Somali in this country [see discussion of *Jama v. ICE,* 2005 U.S. Dist. LEXIS 9725, below] and contrary to the consistent decisions by U.S. courts that Somali aliens must be released from detention because their imminent removal is unlikely.

*Traverse,* p. 12, 13.  Petitioner contends that Respondents have "had a reasonable and appropriate opportunity to remove Mr. Hashi for the last nine months with no success," and that Respondents "adduce nothing to show that removal is indeed reasonably imminent."  *Id.* at 13.

**Applicable Law**

8 U.S.C. section 1231 governs the detention and removal of aliens subject to final orders of removal.  Pursuant to section 1231(a)(1), once an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1).  Section 1231(a)(3) provides that if the alien is not removed within this 90 day removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.  Section 1231(a)(6) provides that an alien subject to a final order of removal "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond" the 90 day removal period.  8 U.S.C. § 1231(a)(6).

The authority under section 1231(a)(6) to detain an alien beyond the 90 day removal period is not absolute.  If, after six months of post-removal detention, an "alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Zadvydas*, 533 U.S. at 701.  The Supreme Court rejected the contention that continued detention is lawful as long as "good faith efforts to effectuate . . . deportation continue," and concluded that "this standard would seem to require an alien seeking release to show the absence of *any* prospect of removal - no matter how unlikely or unforeseeable - which demands more than our reading of the statute can bear."  *Id.* at 702.  As the "period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  *Id.*

> [I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.  In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and that the alien may no doubt be returned to custody upon a violation of these conditions.  And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

*Id.*

The case of *Jama v. ICE,* 2005 U.S. Dist. LEXIS 9725 (D. Minn. Apr. 7, 2005), demonstrates the extreme difficulties involved in effectuating an alien's removal to Somalia.  Petitioner Jama, a citizen of Somalia who was subject to a final order of removal and detained

pursuant to section 1231, filed a renewed habeas petition alleging that his detention was unlawful under *Zadvydas*. In response to the renewed petition, the government submitted an affidavit representing that a plan to remove Jama had been finalized, which the district court determined was insufficient because "it disclosed nothing to the Court except the date by which ICE planned to carry out the deportation." The government then submitted a sealed affidavit describing the plan to remove Jama in more detail, and the district court "determined that Jama's deportation would indeed take place in the reasonably foreseeable future and thus permitted the plan to proceed." *Id.* at *5. The government attempted to deport Jama by transporting him on a private plane accompanied by private contractors to Puntland, an autonomous region in Somalia. The attempt proved unsuccessful when Puntland officials denied Jama entry, and Jama was accompanied back to the United States and returned to detention. *Id.* at *6-7. The government advised the district court that it intended to remove Jama again within six weeks of his return to detention, but revealed no specific information as to any plan for deportation. *Id.* at *9. In granting Jama's habeas petition and ordering his release from custody, the district court stated that

> [t]he Court notes again that deportation to Somalia is neither easily arranged nor easily executed and may well be impossible. This has been more than amply demonstrated by the government's several unsuccessful attempts to piece together a deportation plan over the years and by the recent failed and dangerous attempt. . . . In fact, even ICE has acknowledged that it may well be impossible to successfully deport Jama or any of the other Somalis subject to deportation.

*Id.* at * 13. The district court concluded that the government's statements that "ICE is developing an itinerary to accomplish Jama's removal from the United States to [Somalia]" and that it "is anticipated that Jama's removal will be successfully executed within the next few weeks," constituted a "refusal to provide the Court with any concrete information regarding a removal plan," leaving "the Court no choice but to conclude that no viable plan exists and that plaintiff cannot and will not be removed in the reasonably foreseeable future, as required by law." *Id.* at *21-22.

1

<u>**Ruling of the Court**</u>

2       Petitioner has been in post-removal custody for more than nine months, which is

3  presumptively unreasonable under *Zadvydas*.  Petitioner submitted evidence to demonstrate that

4  ICE is not in possession of a travel document, and that ICE has admitted that Petitioner's removal

5  "is not likely to occur within the reasonably foreseeable future."  *Traverse,* Exhibit E, p. 4, 8.

6  Aside from Deportation Officer Curi's Declaration, dated October 12, 2007, stating that "ICE is

7  presently arranging the details of Mr. Hashi's removal for the purpose of effecting his removal

8  within thirty days," Respondents do not submit evidence to demonstrate that they have been

9  "actively and diligently pursuing possible repatriation" of Petitioner, or that there is a "significant

10  likelihood of [Petitioner's] removal in the reasonably foreseeable future."  *See Zadvydas,* 533 U.S.

11  at 701; *Jama,* 2005 U.S. Dist. LEXIS 9725.  Respondents have also not submitted any evidence to

12  rebut Petitioner's contention that safe deportation to Somalia is not possible in the reasonably

13  foreseeable future in light of the country's warzone conditions and lack of diplomatic ties to the

14  United States.

15       The Court concludes that Petitioner has been detained beyond the presumptively

16  reasonable period established in *Zadvydas* and that there is "good reason to believe that there is no

17  significant likelihood of his removal in the reasonably foreseeable future."  *See Zadvydas,* 533

18  U.S. at 701.  The Court will order that the parties file supplemental briefs addressing whether

19  Petitioner is entitled to immediate release subject to the conditions in section 1231(a)(3).

20       IT IS HEREBY ORDERED that the parties shall file their supplemental briefs addressing

21  whether Petitioner is entitled to immediate release subject to the conditions in section 1231(a)(3)

22  **on or before Friday, January 25, 2008.**

23  DATED:  January 15, 2008

24

**WILLIAM Q. HAYES**
United States District Judge

25

26

27

28