**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISSAC ABDI HASHI,<br><br>                  Petitioner,<br>vs.<br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                  Respondents. | CASE NO. 07cv1789 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus (Doc. # 1) filed by Petitioner Issac Abdi Hashi.

### **Background**

On September 11, 2007, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. The Petition alleges that Petitioner's detention is unlawful because he has been detained beyond the presumptively reasonable period of six months after his removal order became final, and there is no significant likelihood that he will actually be removed to Somalia in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The Petition requests that the Court issue a writ of habeas corpus directing Respondents to release him from Department of Homeland Security ("DHS") custody under the conditions of supervision set forth in 8 U.S.C. § 1231(a)(3).

On January 15, 2008, the Court ordered the parties to file supplemental briefs addressing whether Petitioner is entitled to immediate release subject to the conditions in 8 U.S.C. § 1231. (Doc. # 22).

On January 25, 2008, Respondents filed a Supplemental Brief (Doc. # 23) which states:

> Hashi's behavior has dramatically worsened, culminating on January 11, 2008, with his throwing boiling-hot baby oil in the face of a ICE Deportation Officer, resulting in second-degree burns to the officer's face and serious burns to the cornea of one eye of the officer. The Office of the U.S. Attorney in Columbia, South Carolina, has accepted the case for prosecution and plans to present an indictment to the grand jury on February 5, 2008. Therefore, it is anticipated that Hashi will soon be transferred from ICE custody to the custody of the U.S. Bureau of Prisons.
>
> The issue of whether ICE can otherwise repatriate Hashi has therefore become a moot question.

*Respondent's Supplemental Brief,* p. 1-2.

On January 25, 2008, Petitioner filed a Supplemental Brief (Doc. # 24) which states:

> [R]espondents contend only that the government intends to prosecute Mr. Hashi for this alleged incident and anticipates transferring him to the custody of the Bureau of Prisons. No indictment has yet been filed. No charges are pending. The case has not even been presented to the grand jury. If and when charges are filed, Mr. Hashi may be detained or released as part of the 'normal criminal process.' In the meantime, however, this uncharged, unproven conduct gives respondents no authority to detain Mr. Hashi under the immigration statutes.

*Petitioner's Supplemental Brief,* p. 6.

On February 22, 2008, the Court issued an order requiring Respondents to notify the Court whether Petitioner has been indicted by the grand jury and whether he has been transferred from DHS custody to the custody of the U.S. Bureau of Prisons. (Doc. # 25).

On February 27, 2008, Respondents filed a status report in response to the Court's February 22, 2008 Order. (Doc. # 26). Respondents state that on February 6, 2008, Petitioner was indicted in the United States District Court for the District of South Carolina, and submitted a PACER docket printout in United States v. Hashi, Case No. 08cr0095. *Id.,* Exhibit 75. Respondents state that on February 22, 2008, Petitioner was "transferred from the custody of the Department of Homeland Security ("DHS") to the custody of the U.S. Marshals Service." *Id.,* p. 1, Exhibit 72. Respondents contend that "[b]ecause Hashi was seeking release

from DHS custody and because custody is a prerequisite of habeas jurisdiction, this case should be dismissed for mootness." *Respondent's Status Report,* p. 2.

On February 29, 2007, Petitioner filed a status report in response to the Court's February 22, 2008 Order. (Doc. # 27). Petitioner does not dispute that he has been indicted in the United States District Court for the District of South Carolina and is no longer in DHS custody. However, Petitioner contends that the Petition is "not moot and should not be dismissed" because Petitioner "was in immigration custody at the time he filed his petition, and also because he is still subject to a final order of deportation." *Petitioner's Status Report,* p. 2. Petitioner contends that the Court should grant the Petition and "clarify that Mr. Hashi cannot be held in respondents' custody, regardless of the outcome of his criminal case." *Id.* Alternatively, Petitioner "requests that this Court retain jurisdiction, and hold the petition in abeyance, pending the outcome of his criminal case, so that he will not be forced to relitigate the identical issues in this habeas petition all over again." *Id.*

## **Analysis**

Pursuant to 28 U.S.C. section 2241, a district court may grant a writ of habeas corpus for a prisoner who is being held in government custody in violation of United States law. *See Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir. 2001). Under Article III, section 2, of the United States Constitution, federal courts are empowered only to hear cases or controversies. "Failure to satisfy Article III's case or controversy requirement renders a habeas petition moot. . . . This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Mujahid v. Daniels,* 413 F.3d 991, 994 (9th Cir. 2005) (quoting *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). A habeas petition does not necessarily become "moot" when a petitioner is no longer "in custody." *Spencer v. Kemna,* 523 U.S. 1 (1998); *see* 28 U.S.C. § 2241. However, for a habeas petition to present a live controversy in cases where a petitioner seeks release from custody and has been released from that custody, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS,* 488 F.3d 1061, 1064 (9th Cir. 2007); *see Spencer,* 523 U.S. at 7. A collateral

consequence may not be speculative in order to save a claim from mootness. *Phifer v. Clark,* 115 F.3d 496, 500 (7th Cir. 1996).

The relief sought by Petitioner in his Petition is release from DHS custody. Petitioner does not dispute that he is no longer in DHS custody. *See Petitioner's Status Report,* p. 1 ("[t]he undersigned counsel has no contrary information" that Petitioner "has been transferred out of immigration custody into the custody of the U.S. Marshals Service"). In light of the relief sought by Petitioner in the Petition and the fact that Petitioner is no longer in DHS custody, the Court concludes that a "favorable judicial decision" will not redress any "actual injury traceable" to Petitioner. *See Spencer,* 523 U.S. at 7. The outcome of Petitioner's criminal case and subsequent circumstances of his return to DHS custody are speculative. The Court concludes that the Petition is moot because Petitioner is no longer in DHS custody and has not shown any collateral consequence that may be redressed by a favorable ruling on the Petition. The Court will dismiss the Petition as moot.

## Conclusion

The Petition for Writ of Habeas Corpus (Doc. # 1) is **DISMISSED without prejudice.**

DATED: April 15, 2008

                                             *[signature: William Q. Hayes]*
                                             **WILLIAM Q. HAYES**
                                             United States District Judge